IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAURICE B. STEWART          *
                            *
                            *
   v.                       *      Civil No. – JFM-10-863
                            *
NORMAN A. BROWN, M.D., ET AL.  *
                         ******

**MEMORANDUM**

Plaintiff has brought this action alleging the use of excessive force against him. On March 4, 2011, I granted a motion to dismiss filed by Norman A. Brown, M.D., and "Elizabeth, R.N." I denied a motion to dismiss or for summary judgment filed by the two remaining defendants, Officers Flanary and Logsden. I also appointed counsel to represent plaintiff. Discovery has now been completed, and Flanary and Logsden have again moved for summary judgment. The motion will be granted.[1]

Plaintiff's claims arise from an incident that occurred on May 8, 2008. He was taken from the prison where he was incarcerated to the Washington County Hospital emergency room because he had suffered from seizures. Testing was done and no cause could be found for his seizures. While he was being tested, he became belligerent and started yelling. When Dr. Brown told him that there was nothing medically wrong with him, he became angry.

When the time came for plaintiff to be transported back to the institution where he was incarcerated, he asked Dr. Brown if he could have a wheelchair. Dr. Brown replied in the

---

[1] Although I am ruling against his client, I would like to express my appreciation to Michael Llewellyn, Esq., who has represented plaintiff ably.

1

negative because "there is nothing wrong with you." Dr. Brown ordered that he be removed from the hospital immediately.

Stewart then fell down and said that he could not walk. Officer Logsden asked Dr. Brown if he could use a wheelchair, and the request was refused. Each time that the Officers attempted to stand plaintiff up to walk him out of the emergency room, Stewart would fall to the floor. Another request for a wheelchair was refused.

The officers then dragged plaintiff across the hospital floor by pulling on his leg irons. Plaintiff did not resist, his head was up, and did not touch the floor. There may be some question as to whether the officers dragged plaintiff across a sidewalk that was somewhat more coarse than the hospital floor. In any event, they placed him in the van at which time plaintiff was able to step in with assistance. When he was returned to the institution where he was incarcerated, Stewart was taken in by wheelchair.

Plaintiff weighs over 200 pounds and defendants did not believe that they could carry him. A video of part of the dragging across the floor indicates, as indicated in this court's earlier opinion, that defendants were not using any excessive force against plaintiff. The testimony of other witnesses, including John Pebble and Steven Jacobs, confirms that defendants did not use any excessive force against plaintiff. Although one of the defendants (Flanary) gave testimony that indicates that Dr. Brown may have had a hostile attitude toward plaintiff, Dr. Brown did not participate in the dragging of plaintiff across the hospital floor. On this evidence I am convinced that "a fair-minded jury could [not] return a verdict for the plaintiff on the evidence presented." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). As common sense dictates and as the record reflects, the maintenance of calm in a hospital emergency room and its environs is necessary. Defendants were required to remove plaintiff from the hospital, and in light of

plaintiff's lack of cooperation, they had no choice other than to use a wheelchair or to drag him out. They requested a wheelchair but their requests were denied by Dr. Brown. Therefore, the only remaining option to defendants was to drag plaintiff across the hospital floor, and the evidence does not reflect that they used any more force than was necessary or that they acted in a "subjectively malicious manner" to accomplish this task. Further, there is no evidence that plaintiff suffered injury as a result of defendant's actions. Under these circumstances defendants are entitled to the summary judgment they seek. *See generally Whitley v. Albers*, 475 U.S. 312 (1986); *Wilkins v. Gatty*, 130 S. Ct. 1175, 1179 (2010).

      A separate order effecting the ruling made in this memorandum is being entered herewith.

Date:   July 25, 2014             \_\_\_/s/_____
                                          J. Frederick Motz
                                          United States District Judge